OPINION
{¶ 1} Rick R. Beer, defendant-appellant, appeals from the January 16, 2004 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding Kimberly C. Beer, plaintiff-appellee $5,703.65 in child support arrearage and confirming a monthly child support payment of $744.44. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} On September 29, 1999, the trial court awarded appellee a divorce. The trial court also awarded appellee designation as residential parent and legal custodian of the parties' two minor children. Appellant was ordered to pay child support arrearage, the total judgments of which amounted to $6,150.40.
{¶ 3} On November 11, 2002, pursuant to appellant's objection to an advance notice of default, Courtney Wilson, an administrative hearing officer for Franklin County Child Support Enforcement Agency ("CSEA"), conducted a hearing to determine whether a mistake of fact was made in the advance notice. See R.C. 3123.04. Hearing Officer Wilson determined that appellant was not in default and had overpaid $2,815.28 in support payments. Hearing Officer Wilson recommended that the support credit be established at $2,815.28 as of September 30, 2002, and that appellant continue to pay the on-going support obligation payments of $638.44 per month. (Administrative Mistake of Fact Findings and Decision, filed Nov. 5, 2002.)
{¶ 4} Neither party objected to the hearing officer's recommendations. On January 6, 2003, the trial judge approved and adopted the administrative mistake of fact findings and decision. On January 21, 2003, appellee filed a motion for a new trial arguing that the trial judge had no authority to enter an appearance in the matter and issue her order. Furthermore, appellee maintained that the CSEA's computations were inaccurate.
{¶ 5} Approximately one year later, on January 16, 2004, after a full examination of the records filed by CSEA, the exhibits, and the CSEA audit, the trial court found it troubling that the information provided by Hearing Officer Wilson did not coincide with the audited records of CSEA admitted at trial. Even after a court order, CSEA failed, refused, and/or neglected to issue income withholdings of appellant. Pursuant to the audited records, the trial court determined that as of August 31, 2003, appellant owed appellee $5,703.65. The trial court also found that since the date of divorce, appellant had not been in compliance with the child support obligation order. Appellant further failed to establish by a preponderance of the evidence any payments towards his arrearage, except for $232.79, which appellee did not object to receiving from appellant. The trial court awarded appellee the sum of $5,703.65 in arrearage, and further confirmed the last child support obligation ordering appellant to pay a monthly payment of $744.44. It is from this entry that appellant appeals, assigning the following seven assignments of error:
Assignment of Error #1 — Whether or not the court abused its discretion or an assignment of error occurred by granting a motion for a new trial. Specifically, was judge galvin responsbile for the determination of Child Support Arrears,
despite the administrative mistake of fact hearing decision approved and adopted as an order of the court by judge preisse.
Assignment of Error #2 — Whether or not the court abused its discretion or an assignment of error occurred by determining child support arrears using records the court claims do not coincide.
Assignment of Error #3 — Whether or not the court abused its discretion or an assignment of error occurred by determining the amount of child support paid using records the court claims do not coincide.
Assignment of Error #4 — Whether or not the court abused its discretion or an assignment of error occurred by not considering whether a substantial change occurreed [SIC] from the previous child support order prior to the issuance of a new order.
Assignment of Error #5 — Whether or not the court abused its discretion or an assignment of error occurred by ordering the defendant to pay $100.00 additional a month to go against any arrears if in fact there were any.
Assignment of Error #6 — Whether or not the court abused its discretion or displayed prejudice against the defendant for fccsea records.
[Assignment of Error #7] — Whether the court abused itsdiscretion or an assignment of error occurred when the courtindicated that the defendant has failed, refused, and/orneglected to comply with the court's order.
{¶ 6} A trial court has considerable discretion in matters of calculating child support and, absent an abuse of that discretion, a child support order will not be disturbed on appeal. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
{¶ 7} Initially, we must address the procedural aspects of appellant's appeal. App.R. 9(B) provides, in part, that "[a]t the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record."
{¶ 8} The duty to provide a transcript for appellate review falls upon the appellant who bears the burden of showing error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197; Ratchford v.Proprietors' Ins. Co. (1995), 103 Ohio App.3d 192. When portions of the transcript necessary for resolution of an assigned error are omitted from the record, this court has nothing to pass upon and, thus, must presume the validity of the trial court's proceedings, and affirm the trial court's decision, as this court is unable to evaluate the merits of the assignments of error.Knapp; Ratchford; Kowalik v. Kowalik (1997),118 Ohio App.3d 141, 144-145; Collier v. Stubbins, Franklin App. No. 03AP-553, 2004-Ohio-2819. Furthermore, "[i]t is well established that prose litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept.of Job Family Serv. (2001), 145 Ohio App.3d 651, 654.
{¶ 9} In this case, absent a transcript, or some acceptable alternative, pursuant to App.R. 9(C), we are guided by the presumption that the decision of the trial court is correct. Appellant's contention that the trial court's calculation of child support arrearage is an abuse of discretion is unpersuasive. Moreover, by failing to file a transcript, or some acceptable alternative, appellant has failed to bear his burden of showing error by reference to matters in the record. Accordingly, we are unable to address the assignments of error raised by appellant.
{¶ 10} For the foregoing reasons, appellant's seven assignments of error are overruled and we affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.