OPINION
{¶ 1} Defendant-appellant Ramesh S. Patel appeals from the denial of his motion for an award of attorneys fees, made after the plaintiff-appellee, National Check Bureau, Inc. (NCB), had voluntarily dismissed its cause of action against him. Patel contends that the trial court abused its discretion by failing to find either a willful violation of Civ. R. 11 or frivolous conduct under R.C. 2323.51(B)(1).
 {¶ 2} We conclude that the trial court did not abuse its discretion. Although NCB, the assignee of the alleged original issuer of a credit card, was apparently mistaken in its assumption, when its complaint was filed, that there was a written application for the credit card signed by Patel, NCB had a reasonable belief, based upon accurate information concerning Patel's social security number and date of birth, that Patel had applied for and received the credit card. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} NCB filed this action against Patel to recover a credit card debt. NCB set forth three claims for relief, based upon breach of contract, money due on an account, and quantum meruit. All of these claims for relief would seem to be predicated upon Patel's alleged use of a credit card issued by First USA Bank. NCB is a successor assignee of First USA.
 {¶ 4} In its complaint, NCB alleged that "the Defendant's signed agreement is presently not available, but will become available before trial." No signed agreement was ever produced.
 {¶ 5} Patel answered the complaint, denying liability. Both parties moved for summary judgment. Both summary judgment motions were denied, the trial court finding that there were genuine issues of material fact.
 {¶ 6} NCB filed an entry of dismissal, without prejudice, containing a statement that all matters had been resolved between the parties. Thereafter, Patel filed a motion for an award of attorney fees, pursuant to either Civ. R. 11 or R.C. 2323.51(B), based upon the "frivolous conduct of Plaintiff and/or its counsel in filing and maintaining this action without any evidence of a contract or unjust enrichment." This motion was heard by a magistrate, who rendered a decision denying the motion, finding that NCB and its attorney had violated neither Civ. R. 11 nor R.C. 2323.51(B). The trial court overruled Patel's objections to the magistrate's decision, and adopted it as the order of the court.
 {¶ 7} From the order of the trial court denying his motion for an award of attorney fees, Patel appeals.
 II {¶ 8} Patel's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO R.C. 2323.51 CIV.R. 11 AFTER UNREBUTTED PRIMA FACIE EVIDENCE OF FRIVOLOUS CONDUCT WAS ADDUCED."
 {¶ 10} Patel cites Passmore v. Greene County Board ofElections (July 8, 1991), Greene App. No. 90-CA-102, for the proposition that the standard of review in this appeal is de novo. In that case, the issue was whether a motion to intervene after judgment was frivolous, as the trial court had found. We held that: "The question of whether a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court; therefore, we will review this question denovo, without deference to the trial court's decision." Id., at 8.
 {¶ 11} By contrast, in the case presently before us, there is no disputed issue of law. The question is factual: whether NCB had a sufficient basis in fact to bring an action in good faith against Patel. Therefore, in this case, the abuse-of-discretion standard of review, traditionally applied in the appellate review of attorneys fees decisions under Civ. R. 11 and R.C. 2323.51(B), is applicable. State, ex rel. Fant v. Skyes (1987),29 Ohio St.3d 65.
 {¶ 12} Patel really bases his argument on two factual predicates. The first is that NCB's assertion in its complaint that there was a credit card agreement signed by Patel, "presently not available, but [which] will become available before trial," was made in bad faith, there never having been any signed credit card agreement. We agree with the magistrate that even if this allegation was made without any factual basis, it is immaterial, because there was a reasonable basis for NCB or its counsel to believe that Patel had applied for and received the credit card, if not in a writing signed by him, at least over the internet. This was the accurate information, in NCB's file relating to this credit account, concerning Patel's social security number and date of birth. We agree with the magistrate that a creditor, or creditor's successor assignee, could reasonably assume from this information, that it was dealing with a debtor who had applied for and received the credit card used to incur the debt. This assumption is all the more reasonable as a result of the fact that NCB sent Patel the notice required by the Fair Debt Collection Practices Act thirty days before filing suit, and Patel did not respond to the notice.
 {¶ 13} The second factual predicate upon which Patel relies is the correspondence he sent in which he denied that this account was his. As noted by the magistrate in her decision, two of these letters were sent to First USA Bank, the original issuer of the credit card, and the third was sent to National Action Financial Service, whose relationship in this matter is not clear. No correspondence was sent to NCB, and there is no evidence in the record that NCB was aware of this correspondence before it dismissed this action.
 {¶ 14} The imposition of a sanction under Civ. R. 11 requires a determination that the attorney filing the pleading: (1) has read the pleading; (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief; and (3) did not file it for the purposes of delay. Haubeil SonsAsphalt Materials, Inc. v. Brewer Brewer Sons, Inc. (1989),57 Ohio App.3d 22. It is the actual intent of the attorney that governs. Mere negligence on the part of the attorney is insufficient. Riston v. Butler (2002), 149 Ohio App.3d 390.
 {¶ 15} We agree with the magistrate that the evidence in this record falls short of satisfying the requirements for the invocation of Civ.R. 11.
 {¶ 16} An award of attorneys fees under R.C. 2323.51(B)(1) requires a finding of frivolous conduct. Frivolous conduct is defined in R.C. 2325.51(A)(2)(a) as follows:
 {¶ 17} "Conduct of an * * * other party to a civil action * * * or of the * * * other party's counsel of record that satisfies either of the following:
 {¶ 18} "(i) It obviously serves to harass or maliciously injure another party to the civil action.
 {¶ 19} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 20} The magistrate found, and we agree, that NCB's cause of action is supported under the existing law, and that NCB was without purpose to harass or maliciously injure Patel, because it reasonably believed that he was the credit card account debtor, based upon the accurate personal information concerning his social security account number and date of birth in the file.
 {¶ 21} Patel's sole assignment of error is overruled.
 III {¶ 22} Patel's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Donovan, J., concur.