[Cite as *Namenyi v. Tomasello*, 2014-Ohio-4509.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

PAMELA E. NAMENYI, et al.

      Plaintiffs-Appellees

v.

JAC TOMASELLO

      Defendant-Appellee


Appellate Case No.    2013-CA-75

Trial Court Case Nos.   2012-CVG-1350
                      2012-CVH-1304

(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 10th day of October, 2014.

. . . . . . . . . . .

DOUGLAS D. BRANNON, Atty. Reg. No. 0076603, CARIN E. BIGLEY, Atty. Reg. No. 0090231, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorneys for Plaintiffs-Appellees

DAVID GREER, Atty. Reg. No. 009090, 6 North Main Street, Suite 400, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

JACK HARRISON, 2222 Powers Lane, Dayton, Ohio 45440
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Appellant, attorney Jack Harrison, appeals pro se from the judgment of the Xenia Municipal Court finding he violated Civ.R. 11 and R.C. 2323.51 as a result of filing frivolous claims for damages on behalf of his client, Jac Tomasello.  For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}     Harrison appeared as legal counsel for Tomasello in the middle of two consolidated landlord/tenant cases pending in the Xenia Municipal Court.   Both cases involved a May 2012 lease agreement between Tomasello and Pamela and Emanuel Namenyi, in which the Namenyis agreed to rent Tomasello a piece of residential real property, including a horse barn, in exchange for monthly rental payments.

{¶ 3}     The first case arising from the lease agreement–Case No. 12 CVH 1304–was initiated by Tomasello on November 20, 2012.   On that date, Tomasello filed a pro se application to deposit his rental payments with the Clerk of Courts due to the Namenyis allegedly failing their duties as landlords under R.C. 5321.

{¶ 4}     The second case arising from the lease agreement–Case No. 12 CVG 1350–was initiated by the Namenyis, who on December 4, 2012, filed a forcible entry and detainer action and an action for damages against Tomasello.   In the complaint, the Namenyis alleged that Tomasello failed to timely pay his monthly rent and that they served Tomasello with a statutory notice to leave the premises on November 18, 2012.

{¶ 5}     On January 3, 2013, the two cases were consolidated for trial purposes.

Thereafter, on January 23, 2013, Tomasello filed a pro se motion to dismiss the Namenyis' complaint under Case No. 12 CVG 1350. The same day, Tomasello also filed a pro se pleading under Case No. 12 CVH 1304 titled "Tenant's Complaints to Landlord," which alleged that the Namenyis breached the terms of the lease agreement. Specifically, Tomasello alleged the Namenyis: (1) failed to provide him possession of the property on the agreed upon move in date; (2) left two of their horses on the premises; (3) kept two dilapidated boats, numerous pieces of farm equipment, tools, and other household items on the property; (4) took hay from the property that belonged to him; (5) failed to disclose problems with the property, such as flooding and rodent infestation; (6) failed to reimburse him for repairs he made to the property; and (7) failed to meet their maintenance and repair obligations. In addition, Tomasello requested the court to consider damages for retaliatory eviction, but did not allege any actual damages or provide a basis for the claim.

{¶ 6} Both cases were heard at a bench trial on April 9, 2013. At that time, Tomasello was no longer appearing pro se, but was represented by attorney Griff Nowicki. Following trial, the trial court issued a written decision under Case No. 12 CVH 1304 denying Tomasello's application to deposit rent with the Clerk of Court. In so holding, the trial court found that Tomasello had failed to establish the Namenyis were in violation of any of their duties as landlords under R.C. 5321.04 that would justify depositing rent with the court. The court also issued a written decision under Case No. 12 CVG 1350 finding that Tomasello breached the lease agreement by failing to timely make his November 2012 rental payment. Accordingly, the trial court ordered restitution of the premises to the Namenyis, and a damages hearing was scheduled for June 18, 2013.

**{¶ 7}**    On June 18, 2013, the trial court permitted attorney Nowicki to withdraw as counsel for Tomasello.   As a result, the damages hearing was continued.   Approximately two months later, Harrison substituted as counsel for Tomasello.   On August 27, 2013, Harrison filed a motion for damages on Tomasello's behalf alleging for the first time that the Namenyis owed him $99,274.32 in damages resulting from: (1) retaliatory eviction; (2) breach of contract; (3) loss of consortium; and (4) loss of his security deposit.

**{¶ 8}**    Under his claim alleging retaliatory eviction, Harrison argued that Tomasello incurred significant costs for lodging, boarding horses, packing, moving, storage, and travel as a result of being evicted from the Namenyis' property.   As it relates to Tomasello's breach of contract claim, Harrison alleged the same basic arguments that Tomasello had previously raised as part of his January 23, 2013 pro se pleading in Case No. 12 CVH 1304.   The loss of consortium claim was based on allegations that the delay in taking possession of the property caused bickering and arguing between Tomasello and his fiancé, Joan Malinoski.   With respect to Tomasello's security deposit claim, Harrison argued that the Namenyis had failed to refund or notify by itemization any charges or deductions from the security deposit as required by R.C. 5321.16.   To that end, Harrison argued Tomasello was entitled to a refund of his $2,800 security deposit and also attorney fees in the amount of $5,000.

**{¶ 9}**    On August, 28, 2013, the trial court issued a written decision on the motion for damages.   In its decision, the trial court determined that Tomasello's breach of contract and retaliatory eviction claims were barred by res judicata, because those claims were resolved by the court's April 10, 2013 decision, in which the court found that Tomasello breached the parties' rental agreement and granted restitution in favor of the Namenyis.   The trial court further held

that the loss of consortium claim failed because it was not available in a contract case and also because Malinoski was not Tomasello's spouse. However, the trial court permitted the security deposit refund claim to proceed, because the court determined that the claim was not ripe for consideration until after the court had granted the eviction.

{¶ 10} Following the trial court's decision on the motion for damages, on September 3, 2013, the Namenyis filed a motion for sanctions under Civ.R. 11 and R.C. 2323.51 on grounds that Harrison filed unreasonable and meritless claims for damages on behalf of Tomasello. The next day, attorney David Greer substituted as counsel for Tomasello due to Harrison suffering from a medical condition. The damages and sanctions hearing eventually went forward on October 11, 2013. Although given notice of the hearing, Harrison did not attend the hearing nor file any memorandum in opposition to the motion for sanctions.

{¶ 11} On November 8, 2013, the trial court issued a written decision detailing the complex procedural history of the case and setting forth its factual findings and conclusions of law. The court concluded, in part, that the motion for damages Harrison filed on behalf of Tomasello was made in bad faith, frivolous, and subject to sanctions under Civ.R. 11 and R.C. 2323.51. The trial court explained that:

> The filing involved claims for "Retaliatory Eviction" (the Court had previously awarded a writ of restitution effective April 22, 2013), "Breach of Contract" (the Court had previously ruled that Mr. Tomasello himself had breached the parties' contract by its DECISION; ENTRY AND ORDER filed April 10, 2013), and "Loss of Consortium" (the record is absolutely void of any evidence to support this claim). These three claims were totally without merit

and could not be supported by evidence at hearing. By both the subjective bad faith standard of Civ.R. 11 and the objective standard of ORC 2323.51, the court finds attorney Harrison's conduct in filing his claims against the Namenyis on August 27, 2013, was frivolous and not in good faith. [Note: The Court allowed one claim in said filing to proceed, to wit: the handling by the Namenyis of the security deposit of $2,800. This fact does not negate the fact that overall, the filing was frivolous and in bad faith. * * *.]

The Court finds that the Namenyis incurred additional attorney fees by attorney Harrison's frivolous, bad faith filing and awards reasonable attorney fees against attorney Harrison individually (not against Mr. Tomasello) in the amount of $1,375.

Decision Entry & Order (Nov. 8, 2013), Xenia Municipal Court Case Nos. 12 CVG 1350, 12 CVH 1304, p. 18-19, ¶ D.

{¶ 12} Harrison appeals from the trial court's judgment finding that three of the damages claims he asserted on behalf of Tomasello were without good grounds and frivolous. Harrison has raised two assignments of error for our review, and for purposes of convenience, we will address both of his assignments of error together.

**Assignments of Error Nos. I and II**

{¶ 13} Instead of presenting a statement of his assignments of error as required by App.R. 16, Harrison denominated his First Assignment of Error as "Frivolous Filing" and his Second Assignment of Error as "Bad Faith." We construe the arguments in his appellate brief as

challenging the trial court's judgment finding the claims for loss of consortium, breach of contract, and retaliatory eviction to be without good grounds and frivolous in   violation of Civ.R. 11 and R.C. 2323.51.   In addition, Harrison challenges the trial court's imposition of sanctions.

{¶ 14}   "The imposition of a sanction under Civ. R. 11 requires a determination that the attorney filing the pleading: (1) has read the pleading; (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief; and (3) did not file it for the purposes of delay."   (Citation omitted.)   *Natl. Check Bur. v. Patel*, 2d Dist. Montgomery No. 21051, 2005-Ohio-6679, ¶ 14.   "If any one of these requirements is not satisfied, the trial court must then determine whether 'the violation was "willful" as opposed to merely negligent.' "   *Ponder v. Kamienski*, 9th Dist. Summit No. 23270, 2007-Ohio-5035, ¶ 36, quoting *Ceol v. Zion Indus*., Inc., 81 Ohio App.3d 286, 290, 610 N.E.2d 1076 (9th Dist.1992).   "If the trial court finds that the violation was willful, it may impose an appropriate sanction."   (Citation omitted.)   *Id.*

{¶ 15}   In contrast, the imposition of sanctions under R.C. 2323.51 requires a finding of frivolous conduct.   Specifically, R.C. 2323.51(B)(1) provides, in pertinent part, that:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.   The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *.

{¶ 16}   Prior to awarding damages under R.C. 2323.51, the trial court must hold a hearing "to determine whether particular conduct was frivolous, to determine, if the conduct was

frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award [.]"  R.C. 2323.51(B)(2)(a).  "[W]e note that '[t]he finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed.' "  *Mitchell v. Mid-Ohio Emergency Servs., L.L.C.*, 10th Dist. Franklin No. 10AP-374, 2010-Ohio-6350, ¶ 25, quoting *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 22.   (Other citation omitted.)

{¶ 17}  "Frivolous conduct" is the conduct of a party to a civil action or of the party's counsel that satisfies any of the following four criteria:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(i)-(iv).

{¶ 18} This Court has previously noted "that the frivolous conduct implicated by R.C. 2323.51(A)(2)(ii) involves proceeding on a legal theory which is wholly unwarranted in law." *State Auto Mut. Ins. Co. v. Tatone*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726, ¶ 8. "Whether a claim is warranted under existing law is an objective consideration." (Citations omitted.) *Hickman v. Murray*, 2d Dist. Montgomery No. CA 15030, 1996 WL 125916, *5 (Mar. 22, 1996). The test is "whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Id.*

{¶ 19} "[N]o single standard of review applies in R.C. 2323.51 cases." *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist.1996). When the question regarding what constitutes frivolous conduct calls for a legal determination, such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without reference to the trial court's decision. *Natl. Check Bur.*, 2d Dist. Montgomery No. 21051, 2005-Ohio-6679 at ¶ 10; *accord Riverview Health Inst., L.L.C. v. Kral*, 2d Dist. Montgomery No. 24931, 2012-Ohio-3502, ¶ 33. "Similarly, whether a party has good grounds to assert a claim under Civ.R. 11 also involves a legal determination, subject to a de novo standard of review." (Citation omitted.) *ABN AMRO Mtge. Grp., Inc. v. Evans*, 8th Dist. Cuyahoga No. 98777, 2013-Ohio-1557, ¶ 14.

{¶ 20} "In contrast, if there is no disputed issue of law and the question is factual, we apply an abuse of discretion standard of review." *Riverview Health Inst., L.L.C.* at ¶ 33, citing *Natl. Check Bur.* at ¶ 11. Likewise, if the trial court determines that a violation under R.C.

2323.51 or Civ.R. 11 exists, the trial court's imposition of sanctions for said violation will not be disturbed absent an abuse of discretion. *State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987); *Lewis v. Powers*, 2d Dist. Montgomery No. 15461, 1997 WL 335563, *4 (June 13, 1997).

{¶ 21}  In this case, after holding a sanctions and damages hearing, the trial court determined that the loss of consortium, breach of contract, and retaliatory eviction claims raised in the motion for damages were frivolous and made in bad faith, because they were totally without merit and could not be supported by evidence at the hearing.  The trial court did not include a detailed discussion concerning its findings, but its decision implies that it found the breach of contract and retaliatory eviction claims to be unwarranted under existing law, and the loss of consortium claim to be without any supporting evidence.  Accordingly, the inquiry in this case is one of both fact and law.

{¶ 22}  After reviewing the record, we conclude that the trial court did not err in finding the loss of consortium claim involving Tomasello and  Malinoski, his fiancé, to be without any supporting evidence.  Loss of consortium " 'is a right which grows out of marriage, is incident to marriage, and cannot exist without marriage.  Because it is a marital right, the right of consortium is not conferred upon partners to extramarital cohabitation.' "  *Reygaert v. Palmer*, 2d Dist. Montgomery No. 9296, 1986 WL 1340, *4 (Jan. 29, 1986), quoting *Haas v. Lewis*, 8 Ohio App.3d 136, 137, 456 N.E.2d 512 (10th Dist.1982).  In the motion for damages, Harrison specifically referred to Tomasello's fiancé and alleged damages for loss of consortium.  Since there was admittedly no marital relationship, there was indeed no evidence to support the loss of consortium claim, and Harrison had absolutely no grounds to assert it.  Accordingly, the claim

was clearly frivolous under R.C. 2323.51.

{¶ 23} We also conclude that the breach of contract claim was frivolous due to being unwarranted under existing law on res judicata grounds. " '[R]es judicata precludes a party from relitigating issues already decided by a court or raising matters that the party should have brought in a prior action.' " *SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013-Ohio-3931, ¶ 8, quoting *Am. Tax Funding, L.L.C. v. Whitlow*, 2d Dist. Montgomery No. 24559, 2012-Ohio-3839, ¶ 9. Pursuant to R.C. 1923.03 forcible entry and detainer judgments do not bar a tenant from bringing a later action between the same parties growing out of the same subject matter; however, such judgments do bar "relitigation of issues that were actually and necessarily decided in the [forcible entry and detainer] action." (Citations omitted.) *Great Lakes Mall, Inc. v. Deli Table*, 11th Dist. Lake No. 93-L-154, 1994 WL 587559, *2 (Sept. 16, 1994); *Marous/Church, LLC v. Stanich*, 11th Dist. Lake No. 2000-L-188, 2001 WL 1561107, *2 (Dec. 7, 2001).

{¶ 24} Here, the breach of contract claim had been raised and ruled upon prior to Harrison filing the motion for damages, as Tomasello raised the same basic claim in his January 23, 2013 pro se filing in Case No. 2012 CVH 1304. Following trial, the trial court issued written decisions finding that Tomasello was in breach of the lease agreement and that he failed to establish the Namenyis breached their obligations as landlords. Because the breach of contract issue was actually and necessarily ruled upon after trial, res judicata barred it from being relitigated during the damages proceeding. Accordingly, the claim was unwarranted under existing law and thus frivolous.

{¶ 25} As for the retaliatory eviction claim, we note that the trial court determined in its

August 28, 2013 decision on the motion for damages, as well as in its November 8, 2013 decision on the motion for sanctions, that res judicata barred the claim from being raised in the motion for damages, because the court had previously found the Namenyis's eviction request to be proper and awarded the Namenyis restitution of the premises in the forcible entry and detainer action. The trial court's conclusion is correct if the issue of retaliatory eviction was litigated and decided during the forcible entry and detainer action. *See Great Lakes Mall, Inc*. at \*2; *Marous/Church*, LLC at \*2 ("a forcible entry and detainer action bars relitigation of issues that were actually and necessarily decided in the former action"); *see also Reck v. Whalen*, 114 Ohio App.3d 16, 19-20, 682 N.E.2d 721 (2d Dist.1996) (finding that an evicted tenant's counterclaim alleging retaliatory eviction was protected from the doctrine of res judicata because the trial court made no express finding whether there was a retaliatory eviction during the forcible entry and detainer proceedings).

{¶ 26}   In this case, we cannot determine from the record whether the issue of retaliatory eviction was litigated and decided upon during the forcible entry and detainer action.   The trial court did not discuss retaliatory eviction in its written decision granting restitution of the premises to the Namenyis, and Harrison failed to file a transcript of the April 9, 2013 forcible entry and detainer trial.   In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980) the Supreme Court of Ohio stated that:

> The duty to provide a transcript for appellate review falls upon the appellant. This
> is necessarily so because an appellant bears the burden of showing error by
> reference to matters in the record.   *See State v. Skaggs* (1978), 53 Ohio St.2d 162,
> 372 N.E.2d 1355.   This principle is recognized in App.R. 9(B), which provides,

in part, that " * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Knapp* at 199.

{¶ 27} Here, Harrison failed his duty to provide a transcript for appellate review that is necessary for determining whether he was barred from raising the retaliatory eviction claim in the motion for damages. Accordingly, we must presume the validity of the trial court's decision finding that the claim was barred as a result of the previous forcible entry and detainer judgment. Based on this finding, we conclude the retaliatory eviction claim raised in the motion for damages was unwarranted under existing law and thus frivolous.

{¶ 28} In finding Harrison's conduct frivolous, it is unnecessary to discuss whether his conduct was also a violation of Civ.R. 11, as sanctions are already appropriate under R.C. 2323.51.

{¶ 29} With respect to the imposition of sanctions, we note that no recording of the sanctions hearing was made, thus leaving no transcript for review. Additionally, Harrison failed to file an acceptable alternative statement of the evidence or proceedings as permitted by App.R. 9(C). By failing to file an acceptable alternative to a transcript, Harrison has failed his burden of showing error by reference to matters in the record. Without an App.R. 9(C)

statement, it is impossible for us to address whether the trial court abused its discretion in imposing sanctions in the amount of $1,375. Accordingly, we must presume the regularity of the proceedings and find that the trial court did not abuse its discretion. *See Beer v. Beer*, 10th Dist. Franklin No. 04AP-93, 2004-Ohio-4559, ¶ 9 ("absent a transcript, or some acceptable alternative, pursuant to App.R. 9(C), we are guided by the presumption that the decision of the trial court is correct"); *Palmer v. Palmer*, 5th Dist. Licking No. 92-CA-36, 1992 WL 396314, *1 (Dec. 21, 1992) (finding it is impossible to conclude whether the trial court abused its discretion in ordering Appellant to pay $800 because appellant failed to file a transcript of the proceedings or a statement of the evidence as permitted by App.R. 9(C) ).

{¶ 30}   Harrison's First and Second Assignments of Error are overruled.

### Conclusion

{¶ 31}   Having overruled both of Harrison's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, P.J., concurring:

{¶ 32}   In *Reygaert v. Palmer*, 2d Dist. Montgomery No. 9296, 1986 WL 1340 (Jan. 29, 1986), we acknowledged that "some affianced couples may establish as deep and significant a relationship as a married couple." *Id*. at *4.   While *Reygaert* did "not abrogate Ohio's well-settled rule that only a married individual has standing to sue for loss of consortium," Judge

Brogan found "strong logic" in case law which expanded the rule in certain situations. *Id*. at \*4. *See also* Aloni*, Deprivative Recognition*, 61 UCLA L.Rev. 1276 (2014), for a more current analysis of the issue.

{¶ 33} I agree that any "change in Ohio law based upon such circumstances may not be made by this Court," *Reygaert* at \*4. I would not necessarily hold that making a loss of consortium claim for a fiancé is per se frivolous in a case drafted to make its way to the Supreme Court; this is not such a case.

{¶ 34} The fact that the security deposit claim was continued or that the loss of consortium claim could arguably be "supported by the good faith argument for the establishment of new law," R.C. 2323.51(A)(2)(a)(i), does not mean that the trial court abused its discretion in finding a violation of R.C. 2323.51 for the claims of retaliatory eviction and/or breach of contract. R.C. 2323.51(A)(1)(a) defines "conduct" as "the assertion of a claim, defense, or other position in connection with a civil action. . . ." It does not require that the entire pleading or motion or that all the claims be frivolous as that is defined in R.C. 2323.51(A)(2).

{¶ 35} Further, I agree with the majority that the amount of the sanctions cannot be successfully challenged on this record.

. . . . . . . . . .

Copies mailed to:

Douglas D. Brannon
Carin E. Bigley
David Greer
Jack Harrison
Hon. Michael K. Murry