[Cite as *A.D. Transport Express, Inc. v. Lloyds Towing Serv. & Sales, L.L.C.*, 2020-Ohio-5630.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| A.D. TRANSPORT EXPRESS, INC. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 19CA000053 |
| LLOYDS TOWING SERVICE & SALES,<br>LLC, et al. | |
| | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  18 CV 000261

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 8, 2020

APPEARANCES:

For Plaintiff-Appellant     For Defendants-Appellees

PETER D. TRASKA     CLAUDIA L. SPRIGGS
TRASKA LAW FIRM, LLC     ERIC S. BRAVO
4352 Pearl Road     LANE ALTON
Suite A     Two Miranova Place, Suite 220
Cleveland, Ohio  44109     Columbus, Ohio  43215

*Wise, J.*

**{¶1}**    Plaintiff-Appellant A.D. Transport and the Traska Law Firm, LLC, appeal the decision of the Guernsey County Court of Common Pleas imposing sanctions against them and ordering them to pay attorney fees.

**{¶2}**    Defendants-Appellees are Lloyd's Towing Service & Sales, LLC, and Lloyd McGilton. Jr.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**    The relevant facts and procedural history are as follows:

**{¶4}**    Appellant, A.D. Transport, Inc., (ADT) is a Michigan corporation engaged in the business of over-the-road hauling.

**{¶5}**    On December 7, 2017, a multi-vehicle accident occurred on Interstate 70 near Cambridge, Ohio, involving two semi-tractor-trailer trucks and a passenger vehicle in a chain-type, rear-end accident. Appellant's semi-tractor-trailer truck was the second in the line of the three collided vehicles.

**{¶6}**    The Ohio State Highway Patrol (OSHP) contacted Lloyd's Towing Service & Sales, LLC, owned by Lloyd McGilton (Appellees), to the scene to clear the A.D. Transport truck. OSHP provided Lloyd's with information that included a description that a Dodge Durango was stuck under ADT's trailer. Lloyd's selected the vehicles, equipment and personnel it determined was necessary based on the information from the dispatcher.

**{¶7}**    Appellee Lloyd's invoiced Appellant ADT $6,298.04 for its services.

**{¶8}**    On May 17, 2018, following receipt of the invoice, Appellant A.D. Transport filed a Complaint in the Guernsey County Court of Common Pleas alleging one cause of action: fraud.  Appellant alleged that Appellee Lloyd's inflated the charges in said invoice.

The Complaint contained a demand for judgment in excess of $25,000, the "amount representing the difference between the the (sic) sum actually charged to and paid by the Plaintiff, and the reasonable value of the services provided" and for "Attorney fees ... with all costs and expenses" and for "PUNITIVE DAMAGES." Attached to the Complaint were three photos and the Invoice.

{¶9}   Appellees filed an Answer denying the allegations, asserting affirmative defenses, and requesting recovery of attorney fees and expenses pursuant to R.C. §2323.51 and Civ.R. 11.

{¶10}  On April 9, 2019, Appellees filed a Motion for Summary Judgment.  ADT did not oppose the motion.

{¶11}  By Entry filed May 13, 2019, the trial court granted summary judgment in favor of Appellees, holding that after reviewing the record and evidence in a light most favorable to ADT, the charges and entries on the Invoice were "reasonable", "necessary" and "customary" and further, "there is no factual evidence that the Invoice was fraudulent." ADT did not appeal this Entry.

{¶12}  On June 12, 2019, Lloyd's filed a Motion for Attorney Fees and Expenses pursuant to R.C. §2323.51 and Civ.R. 11. Attached to the Motion were affidavits stating that ADT engaged in frivolous conduct and a pattern of behavior intended to harass and maliciously harm Lloyd's business reputation with the purpose of having Lloyd's Towing taken off of the rotation list of wreckers used by the OSHP, resulting in legal fees and other related expenses.

{¶13}  A non-oral hearing was set for July 5, 2019.

{¶14}  On July 3, 2019, Lloyd's filed a Notice of Submission of Evidence.

**{¶15}** On July 3, 2019, ADT filed a motion to continue the hearing and to enlarge the time to file its opposition.

**{¶16}** By Judgment Entry filed July 5, 2019, the trial court granted the motion, allowing ADT to file its opposition by July 19, 2019.

**{¶17}** On July 22, 2019, ADT filed its opposition.

**{¶18}** On July 26, 2019, Lloyd's filed its Reply

**{¶19}** On July 19, 2019, ADT filed a Civ.R 60(B)(1) motion, asking the trial court to vacate its May 13, 2019, Entry granting summary judgment to Lloyd's due to multiple problems encountered by ADT's counsel.

**{¶20}** On July 26, 2019, Lloyd's filed its opposition to the Civ.R. 60(B)(1) motion.

**{¶21}** A non-oral hearing was set for August 13, 2019, for both parties' motions, instructing the parties to file all pleadings and information to be considered prior to the hearing date.

**{¶22}** Subsequently, the trial court combined the non-oral hearings to an evidentiary Oral Hearing set for October 10, 2019. (See Entry, 8/6/2019.)

**{¶23}** At the oral hearing, the trial court heard ADT's Civ.R. 60(B)(1) motion and Lloyd's sanctions motion. The trial court received additional evidence and heard sworn testimony from five witnesses. Counsel for both parties presented oral argument on both motions, and the parties rested their cases. All evidence was taken under submission. (Entry, 10/16/2019.)

**{¶24}** By Judgment Entry filed November 12, 2019, the trial court denied ADT's Civ.R. 60(B)(1) motion and granted Lloyd's sanctions motion, awarding the full amount of

attorney fees and expenses incurred by Lloyd's against ADT and Attorney Traska, joint and severally.

**{¶25}** On December 12, 2019, ADT filed a second Civ.R. 60(B) motion, seeking relief under subsections (2) new evidence, (3) fraud and (5) any other reason, claiming Lloyd's and witness Staff Lt. James Tracy (OSHP), gave perjured testimony at the oral hearing that "H&K Towing" (hereafter "H&K") towed the Durango from the accident scene.

**{¶26}** The trial court ordered Lloyd's to file its Opposition to ADT's second Civ.R. 60(B) motion by March 9, 2020, and ordered ADT to file its Reply by March 12, 2020,

**{¶27}** On March 4, 2020, however, ADT filed another brief titled "Plaintiff's Request for In-Person Hearing" on its second Civ.R. 60(B) motion. ADT included excerpts of multiple audio recordings between two non-parties as well as a series of emails exchanged between one of the speakers and ADT's counsel. This motion requested that the trial court re-open the Oral Hearing to add "newly-discovered evidence" which had not been offered by ADT on October 10, 2019, which ADT argued would support vacating the Entry of November 12, 2019.

**{¶28}** On March 12, 2020, ADT filed its Reply to Lloyd's opposition.

**{¶29}** By Judgment Entry filed March 13, 2020, the trial court denied ADT's second Civ.R. (60)(B) motion.

**{¶30}** On March 31, 2020, ADT filed an Amended Notice of Appeal, assigning error to the Entry of March 13, 2020.

**{¶31}** Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶32} "I. THE TRIAL COURT'S FINDINGS CONCERNING THE PHYSICAL FACTS RELATING TO THE APPELLEES' FRAUDULENT STATEMENTS ARE NOT SUPPORTED BY ANY CREDIBLE EVIDENCE.

{¶33} "II. THE TRIAL COURT'S FINDINGS CONCERNING THE APPELLANT'S PRE-SUIT INVESTIGATION FAILED TO ACCOUNT FOR THE APPELLANT'S DOCUMENTARY AND TESTIMONIAL EVIDENCE.

{¶34} "III. THE TRIAL COURT REFUSED TO ACCOUNT FOR A TELEPHONE RECORDING DIRECTLY REFUTING THE FALSE TESTIMONY PRESENTED BY THE APPELLEES AT AN EVIDENTIARY HEARING.

{¶35} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO HOLD AN IN-PERSON HEARING, WHILE IN RECEIPT OF THE RECORDING REFUTING THE FALSE TESTIMONY PRESENTED BY THE APPELLEES."

**I., II**

{¶36} In its first and second assignments of error, Appellant challenges the trial court's November 12, 2019, Judgment Entry denying its Civ.R. 60(B) motion and granting Appellees' motion for attorney fees. We disagree.

*Motion for Sanctions*

{¶37} Appellees' motion for sanctions was brought pursuant to R.C. §2323.51 and Civ.R. 11.

{¶38} The imposition of sanctions under R.C. §2323.51 requires the trial court to find frivolous conduct. R.C. §2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the

civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. Prior to awarding damages under R.C. §2323.51, the trial court must hold a hearing "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award[.]" R.C. §2323.51(B)(2)(a).

{¶39} "Frivolous conduct" is the conduct of a party to a civil action or of the party's counsel that satisfies any of the following four criteria:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶40} R.C. 2323.51(A)(2)(a)(i)–(iv).

**{¶41}** The question of what constitutes frivolous conduct may be either a factual determination or a legal determination. *Ferron,* 2009-Ohio-3133, 2009 WL 1836486 at ¶ 44. No single standard of review applies in R.C. §2323.51 cases. *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist.1996). The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Namenyi,* 2014-Ohio-4509, 2014 WL 5089113 at ¶ 16. A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Ferron,* 2009-Ohio-3133, 2009 WL 1836486 at ¶ 44. With respect to purely legal issues, we follow a de novo standard of review and *1248 need not defer to the judgment of the trial court. *Id.* However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. *Id.*

**{¶42}** Civ.R. 11 governs the signing of motions, pleadings, and other documents. The rule states that "[e]very pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *." By signing the pleading or motion, the attorney certifies that the attorney has read the motion; to the best of the attorney's knowledge, information, and belief there is good ground to support the motion; and that the motion is not interposed for delay. *See* Civ.R. 11.

**{¶43}** To impose a sanction under Civ.R. 11, the trial court must determine whether the attorney met the three standards. *Namenyi v. Tomasello,* 2nd Dist. Greene No. 2013–CA–75, 2014-Ohio-4509, 2014 WL 5089113, ¶ 14. "Civ.R. 11 employs a

subjective bad faith standard." *Ferron v. Video Professor, Inc.,* 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, 2009 WL 1836486, ¶ 77 quoting *Stone v. House of Day Funeral Serv., Inc.* 140 Ohio App.3d 713, 721, 748 N.E.2d 1200 (6th Dist.2000). "If any one of the three Civ.R. 11 requirements is not satisfied, the trial court must then determine whether the violation was willful as opposed to merely negligent." *Namenyi,* 2014-Ohio-4509, 2014 WL 5089113 at ¶ 14 quoting *Ponder v. Kamienski,* 9th Dist. Summit No. 23270, 2007-Ohio-5035, 2007 WL 2781197, ¶ 36. The attorney's actual intent or belief is relevant to the determination of willfulness. *Ferron,* 2009-Ohio-3133, 2009 WL 1836486 at ¶ 77. If the trial court finds the Civ.R. 11 violation was willful, it may impose an appropriate sanction. *Namenyi,* 2014-Ohio-4509, 2014 WL 5089113 at ¶ 14.

**{¶44}** A trial court's decision to impose sanctions cannot be reversed absent an abuse of discretion. *Ferron,* 2009-Ohio-3133, 2009 WL 1836486 at ¶ 77.

**{¶45}** Here, the trial court found, based on the evidence presented, that "there is no indication of fraud on the part of [Appellee] in this matter and that any reasonable investigation in the mater conducted by [Appellant] prior to the filing of suit in this matter would have revealed the same." (Nov. 12, 2019, JE at 3). The court further found "there is no meritorious defense or claim is [sic] available to the [Appellant] in this matter." *Id.*

**{¶46}** The trial court went on to find that Atty. Spriggs' fee of $250 an hour was reasonable and customary in Ohio for similar litigation and that the amount of time spent was reasonable and necessary to defend and represent Appellees in this matter.

**{¶47}** Appellant does not challenge the amount or the reasonableness of the attorney fees awarded by the trial court.

**{¶48}** We find, based upon the above and the evidence and arguments presented in the lower court, that the trial court did not abuse its discretion. The trial court's decision was not arbitrary, unconscionable or unreasonable.

*Civ.R. 60(B) Motion*

**{¶49}** Here, Appellant's Civ.R. 60(B) motion was brought under section B(1), asserting that ADT's trial counsel had personal problems which prevented him from opposing Appellees' Motion for Summary Judgment.

**{¶50}** To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12-CA-86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5.

**{¶51}** Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons*

*v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Id.*

**{¶52}** Initially, we find that Appellant failed to appeal the trial court's May 13, 2019, Judgment Entry granting Appellees' Motion for Summary Judgment.

**{¶53}** Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal. *See Doe v. Trumbull County Children Services Board* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, at paragraph two of the syllabus. "If a party raises the same question in a Civ.R. 60(B) motion as [it] could have raised on a direct appeal, [that party] could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion." *Newell v. White*, Pickaway App. No. 05CA27, 2006–Ohio–637, at ¶ 15, citing *Parke–Chapley Construction Co. v. Cherrington* (C.A.7, 1989), 865 F.2d 907, 915. Thus, "[w]hen a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz*, Cuyahoga App. No. 90625, 2008–Ohio–4369, at ¶ 14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755, 2000–Ohio–135. *See, also, Elliott v. Smead Mfg. Co.*, Hocking App. Nos. 08CA13 & 08AP13, 2009–Ohio–3754, at ¶ 12–13.

**{¶54}** Appellant cannot now present these arguments through an appeal of a motion to vacate because "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal" and res judicata bars their efforts. *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986) paragraph 2 of the syllabus.

**{¶55}** Based on the foregoing, this Court finds Appellant's first assignment of error not well-taken and overrules same.

### III., IV.

**{¶56}** In its third and fourth assignments of error, Appellant challenges the trial court's March 13, 2020, Judgment Entry denying its second Civ.R. 60(B) motion.

**{¶57}** In their second Civ.R. 60(B) motion, Appellant argued that Appellees' witnesses presented perjured testimony and that Appellees perpetrated fraud upon the trial court. Appellant also claimed to have newly discovered evidence in the form of a witness who would testify that ADT had a meritorious claim.

**{¶58}** In its Entry denying Appellant's second motion for relief from judgment, the trial court found that Appellant had "offered no evidence sufficient under the law to meet the standards of Rule 60(B)" and that Appellant had offered no expert testimony that the invoice of the [Appellees] was unreasonable or extraordinary in the matter." (March 13, 2020, JE at 3).

**{¶59}** Upon review, and for the same reasons as set forth above, we find Appellant's second successive Civ.R. 60(B) motion for relief from judgment is barred by the doctrine of res judicata as it challenges the same May 13, 2019, Judgment Entry granting Appellees' Motion for Summary Judgment.

{¶60}  Appellant's third and fourth assignments of error are overruled.

{¶61}  Accordingly the judgment of the Court of Common Pleas, Guernsey County,

Ohio, is affirmed.


By: Wise, J.

Gwin, J., and

Hoffman, J., concur.


JWW/kw 1203