[Cite as *In re I.C.*, 2023-Ohio-3387.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | |
|---|---|
| IN THE MATTER OF: I.C. | : |
| | : |
| | : |
| | : C.A. No. 2023-CA-1 |
| | : |
| | : Trial Court Case No. 2022 JG 15 |
| | : |
| | : (Appeal from Common Pleas Court- |
| | : Juvenile Division) |
| | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on September 22, 2023

. . . . . . . . . . .

TERESA VILLARREAL, Attorney for Appellant, Father

REGINA R. RICHARDS, Attorney for Appellee, Mother

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant Father appeals from the trial court's order dismissing his complaint for allocation of parental rights and responsibilities without prejudice and ordering him to pay $3,500 in attorney fees for Defendant-Appellee Mother. We conclude that the trial court erred in its award of attorney fees to Mother, reverse that award, and

remand for further proceedings on that matter. In all other respects, the judgment is affirmed.

## I. Factual and Procedural Background

{¶ 2} Father and Mother are the unmarried parents of a daughter, I.C., born in June 2020. The child was born after Father and Mother's relationship had ended and after they had entered into a civil protection order consent agreement in Delaware County, Ohio, where they had previously resided together. Father, not knowing that Mother had relocated to Champaign County, filed a complaint for allocation of parental rights and responsibilities in Delaware County in April 2021. Father sought an order establishing his parentage of the minor child, allocating the parental rights and responsibilities of the parties, and granting him sole custody or shared parenting. Mother did not assert any counterclaims.

{¶ 3} In November 2021, Mother sought to dismiss Father's complaint for lack of venue and jurisdiction, asserting that Mother and the minor child were residents of Champaign County and requesting either dismissal or transfer of the action. The matter was ultimately transferred to Champaign County in March 2022.

{¶ 4} The trial court ordered genetic testing to determine Father's paternity of the child and appointed a guardian ad litem. The final evidentiary hearing was scheduled for November 29, 2022. On November 9, 2022, Father's counsel filed a motion for leave to withdraw as counsel, which the trial court granted. On November 28, 2022, Father's counsel entered her reappearance on Father's behalf and filed a motion for continuance. That same day, Mother filed a motion for dismissal for unfitness and a request for attorney

fees, asserting that Father had failed to support the minor child since birth and had no respect for judicial orders or economy. On November 29, 2022, the trial court denied Father's motion for continuance and indicated its intention to proceed with the final hearing. Approximately one hour before the hearing commenced, Father filed his memorandum contra to the motion to dismiss for unfitness and objecting to the request for attorney fees, while simultaneously filing his own motion to dismiss pursuant to Civ.R. 41(A). Following the hearing, the trial court dismissed Father's complaint without prejudice by agreement of the parties and ordered Father to pay Mother's attorney fees in the amount of $3,500.

{¶ 5} Father timely filed his notice of appeal and, on May 22, 2023, filed his brief. Mother did not file a responsive brief.

## II. Assignments of Error

{¶ 6} Father asserts the following assignments of error:

The trial court erred and abused its discretion in proceeding to a hearing after Appellant had dismissed his case pursuant to Ohio Civ. Proc. R. 41(A)(1)(a).

The trial court erred and abused its discretion in finding Appellant to be unsuitable and unfit to parent his child.

The trial court erred and abused its discretion in awarding attorney fees to Appellee.

{¶ 7} Under Civ.R. 41(A), a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by (1) filing a notice of dismissal at any time

before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant or (2) filing a stipulation of dismissal signed by all parties who have appeared in the action. "A dismissal under Civ.R. 41(A)(1)(a) is self-executing and gives a plaintiff an absolute right to terminate his action voluntarily and unilaterally at any time prior to trial." *Williams v. Thamann*, 1st Dist. Hamilton Nos. C-060632 and C-060633, 2007-Ohio-4320, ¶ 5.

{¶ 8} We have held that a party has an absolute right to voluntarily terminate a cause of action at any time prior to the commencement of trial. *Heard v. Meijer, Inc.*, 113 Ohio App.3d 224, 227, 680 N.E.2d 719 (2d Dist.1996), citing *Std. Oil Co. v. Grice*, 46 Ohio App.2d 97, 345 N.E.2d 458 (2d Dist.1975). However, "a voluntary dismissal of a complaint under Civ.R. 41(A) does not deprive a court of jurisdiction to consider collateral matters unrelated to the merits of the case." *Thamann* at ¶ 5. For example, "[r]equests for sanctions that remain pending at the time of dismissal are considered collateral, and the trial court may retain limited jurisdiction to take action under Civ.R. 11 and R.C. 2323.51 — even after a voluntary dismissal." *Id.*

{¶ 9} More specifically, while a trial court is generally divested of jurisdiction following a plaintiff's voluntary dismissal under Civ.R. 41(A), it does not lose jurisdiction to consider properly filed motions for attorney fees, as any other result would permit a party to voluntarily dismiss an action to evade an award of attorney fees. *See Curtis v. Curtis*, 140 Ohio App.3d 812, 814, 749 N.E.2d 772 (1st Dist.2000), *overruled on other grounds by Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 22 (1st Dist.); *see also Abrams v. Elsoffer*, 46 Ohio App.3d 11, 12, 545 N.E.2d 100 (8th

Dist.1988) (the trial court may award costs and attorney fees incurred by a defendant before dismissal). However, under Ohio law, "in order for a court to order one party to pay another's attorney fees, the shifting of fees must be authorized by statute or must be based on the court's determination that the party ordered to pay fees acted 'in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons.' " *Gill v. Gill*, 1st Dist. Hamilton No. C-960610, 1997 WL 624827, *5 (Oct. 10, 1997), citing *Vance v. Roedersheimer,* 64 Ohio St.3d 552, 597 N.E.2d 153 (1992) (Other citations omitted.).

{¶ 10} "In cases where the trial court has the appropriate authority to grant a fee request, this court reviews an award of attorney fees for abuse of discretion." *Gill* at *5, citing *Ceol v. Zion Indus. Inc.*, 81 Ohio App.3d 286, 610 N.E.2d 1076 (1992); *Birath v. Birath*, 53 Ohio App.3d 31, 558 N.E.2d 63 (1988); *Vance* at 554-555; *see, also, Natl. Check Bur. v. Patel*, 2d Dist. Montgomery No. 21051, 2005-Ohio-6679, ¶ 11, citing *State ex rel. Fant v. Skyes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987) (the abuse-of-discretion standard of review is traditionally applied in the appellate review of attorney fees decisions). A court abuses its discretion by acting in a manner that is unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart,* 75 Ohio St.3d 608, 665 N.E.2d 200 (1996). A trial court's decision is unreasonable if not supported by a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

{¶ 11} In his first assignment of error, Father contends that the trial court erred and abused its discretion in proceeding to a hearing after he had dismissed his case pursuant to Civ.R. 41(A). We disagree.

{¶ 12} Father filed his motion to dismiss under Civ.R. 41(A) and, by agreement of the parties, the trial court dismissed the matter without prejudice. The collateral issue of payment of attorney fees and costs was the only justiciable issue before the trial court during the final hearing. The trial court retained jurisdiction to consider collateral matters unrelated to the merits of the case, including the determination of requested attorney fees, which were considered at the hearing. The trial court made no determination as to parentage or parental rights and responsibilities. Accordingly, Father's first assignment of error is overruled.

{¶ 13} In his second assignment of error, Father contends that the trial court erred and abused its discretion in finding him to be unsuitable and unfit to parent his child. However, upon our review, we find that the trial court did not make such a finding in its final entry and did not consider the matters of parentage or parental rights and responsibilities. Accordingly, we will not address the merits of Father's second assignment of error, and it is overruled.

{¶ 14} Finally, in his third assignment of error, Father contends that the trial court erred and abused its discretion in awarding attorney fees to Mother. We agree.

{¶ 15} In her motion for attorney fees and at the final hearing, Mother did not specifically set forth the grounds for which she sought attorney fees; likewise, the trial court did not refer to either a particular statutory authority or its inherent power to sanction bad-faith conduct when it awarded attorney fees to Mother. Moreover, Mother presented no proper evidence concerning the attorney fees sought, including the reasonableness of the amount, and thus the trial court's award was not supported by the record. Because

we cannot determine the trial court's basis for ordering attorney fees or how the trial court arrived at a $3,500 award for attorney fees in light of the evidence, we cannot say that a sound reasoning process supported the trial court's decision concerning attorney fees. Accordingly, the award of attorney fees is reversed and this matter remanded to the trial court for a hearing on that issue as permitted under law.

### III.    Conclusion

**{¶ 16}** The judgment of the trial court is reversed insofar as it awarded attorney fees to Mother, and this matter is remanded to the trial court for further proceedings.   In all other respects, the judgment is affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and LEWIS, J., concur.