[Cite as *In re A.T.V.*, 2015-Ohio-4782.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF: A.T.V., II | : | |
| | : | |
| | : | Appellate Case No. 2013-CA-59 |
| | : | |
| | : | Trial Court Case No. 2011-JG-19 |
| | : | |
| | : | (Appeal from Common Pleas Court- |
| | : | Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of November, 2015.

. . . . . . . . . . .

A.V., SR., Urbana, Ohio 43078
        Appellant-Pro Se

R.M., Urbana, Ohio 43078
        Appellee-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, A.T.V., Sr., appeals, pro se, from a judgment denying his motion for custody of his minor son, A.T.V., II, and denying his motion for contempt, which was filed against R.M., the child's mother.[1] Father has failed to assign any specific assignments of error in his brief, but it appears he is contending that the trial court denied him due process in some unspecified ways by denying his motion for custody and by leaving the minor child in a dangerous living situation.

{¶ 2} We conclude that even if Father had asserted any recognizable assignments of error, we could not review them because Father failed to file a transcript of the proceedings. He also did not furnish a statement of the proceedings pursuant to App.R. 9(C) or (D). As a result, we must presume the regularity of the proceedings below. In addition, no due process violation is apparent on the face of the record, as Father had notice and an opportunity to be heard with respect to his motion for change of custody. Accordingly the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} On May 15, 2013, Father filed a motion for emergency custody, alleging that he feared for A.T.V.'s safety, due to domestic violence between Mother and a third party, J.C. The following day, Father filed a motion for contempt against Mother, contending that she had permitted J.C. to have contact with A.T.V., despite a no-contact order that was in effect. The trial court held an evidentiary hearing in July 2013, and then continued

---

[1] For purposes of convenience, we will refer to the parents as Father and Mother, and to the child as A.T.V.

the matter for further hearing, so that Father could present evidence about a pending Children Services' case.

{¶ 4} In the meantime, Mother filed a motion for contempt against Father, contending that he had failed to return A.T.V. to her on July 19, 2013, for her scheduled vacation days. After the final evidentiary hearing was held, the trial court filed a decision, concluding that J.C. had minor and incidental contact with A.T.V. However, the court noted that Father, himself, had allowed the most contact, by permitting J.C. and A.T.V. to interact on the basketball courts on Market Street.

{¶ 5} Because any contact was minor and incidental, the trial court refused to hold Mother in contempt. The court further held that incidental contact was not a change in circumstances warranting a change of custody from shared parenting to sole custody to Father. In addition, the court refused to hold Father in contempt because a Civil Protection Order was in effect when Father refused to turn over the child, and the court concluded that Father may have been confused about the appropriate order to follow.

{¶ 6} Father filed a notice of appeal in November 2013. Subsequently, Father received numerous extensions of time for the purposes of filing a written transcript, with the last extension having expired on June 8, 2015. No transcript was ever filed, and Father filed his brief on June 8, 2015. Mother did not file a responsive brief.

## II. Due Process Claims

{¶ 7} As was noted, Father has not asserted a specific assignment of error in his brief, and therefore, failed to comply with App.R. 16(A)(3). To the extent that we can decipher the argument in his brief, Father appears to contend that the trial court somehow

deprived him of due process by refusing to change custody from shared parenting to Father's sole custody.

{¶ 8} We cannot review this alleged error, because Father did not comply with requirements for filing an appeal. In this regard, App.R. 9(A)(1) states that the record on appeal includes the transcript of the proceedings. Under App.R. 9(A)(2), the trial court must ensure the proceedings are recorded by a reliable method, which may include "a stenographic/shorthand reporter, audio-recording device, and/or video-recording device."

{¶ 9} App.R. 9(B)(1) further provides, with exceptions that are not relevant here, that the appellant has the obligation "to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." Under App.R. 9(B)(3), the appellant is also required to "order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court."

{¶ 10} As was noted, Father received several extensions of time for purposes of filing the written transcript. In July 2014, we filed a decision and entry rejecting Father's claim that a transcript should be provided because he could not afford to file a transcript. We stressed that the State was not required to pay for a transcript, because this was not a criminal case. *See In the Matter of A.T.V., II*, 2d Dist. Champaign No. 2013-CA-59 (July 16, 2014), p. 2, citing *T.M. v. J.H.*, 6th Dist. Lucas Nos. L-10-1014, L-10-1034, 2011-Ohio-283, ¶ 80, and *Francis v. Francis*, 9th Dist. Lorain No. 09CA009722, 2010-Ohio-5659, ¶ 4. We suggested that Father could potentially avail himself of the alternate means of providing a record, as set forth in App.R. 9(C) and (D). *Id.* However, Father never resorted to any of these alternate means, and he never filed a written transcript.

Instead, Father filed two CD-ROMs with his brief.

{¶ 11} Where no transcript or statement of the evidence has been provided, we must presume the regularity of the proceedings below. *Francis* at ¶ 7, citing *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). *Accord In re A.K.,* 2d Dist. Champaign No. 2011 CA 15, 2012-Ohio-412, ¶ 15-17; *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-4509, ¶ 29; *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 24-25; and *State v. Sutton*, 9th Dist. Medina No. 14CA0059-M, 2015-Ohio-2630, ¶ 4. The latter two cases specifically hold that providing a CD-ROM does not satisfy the requirement of filing a written transcript under App.R 9.

{¶ 12} As an additional matter, we see no evidence on the face of the record that Father failed to receive due process. "The fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." (Citations omitted.) *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 17. After Father filed his motions, he was provided with two separate evidentiary hearings. Although we cannot tell what occurred during those hearings, due to Father's failure to file a written transcript or a statement of the evidence pursuant to App.R. 9(C) or (D), we see no defect on the face of the record. We also note that, according to Father's brief, he received custody of A.T.V. in December 2013, shortly after his appeal was filed.

{¶ 13} Accordingly, to the extent that Father's assignments of error can be deciphered, they are overruled.

III. Conclusion

{¶ 14} All of Father's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

A.V., Sr.
R.M.
Hon. Brett A. Gilbert