**[Cite as *In re E.G.*, 2024-Ohio-5024.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

IN THE MATTER OF: E.G. AND A.G.

:
:
:
:       C.A. No. 2024-CA-14
:
:       Trial Court Case Nos. 21230550;
:       21230551
:
:       (Appeal from Common Pleas Court-
:       Juvenile Division)
:

. . . . . . . . . . .

O P I N I O N

Rendered on October 18, 2024

. . . . . . . . . . .

D.M.G., Pro Se Appellant

MATTHEW T. WATSON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Father appeals pro se from the trial court's judgment entry awarding appellee

Paternal Grandmother legal custody of his two minor children.

{¶ 2} Father advances ten assignments of error challenging a magistrate's

decision and the trial court's adoption of the magistrate's legal-custody determination. For the reasons set forth below, we see no error in the award of legal custody to Paternal Grandmother. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} Father and Mother are the biological parents of two children born in 2007 and 2009. Mother raised the children with help from Paternal Grandmother until May 2022, when Father obtained legal custody. Paternal Grandmother later filed a complaint for legal custody in July 2023, alleging that Father's home was unsuitable and that he was not caring for the children. Mother moved for emergency custody in November 2023 based largely on concerns about Father's drug use and domestic violence. The case proceeded to a February 23, 2024 hearing before a magistrate. Witnesses included Father, Mother, Paternal Grandmother, and others.

{¶ 4} Based on the evidence presented, a magistrate found that Mother was an unsuitable parent and that she had abandoned the children. The magistrate likewise found that Father was an unsuitable parent and that the children had been exposed to drug use and domestic violence in his home. The magistrate found that Father recently had tested positive for multiple drugs. After making findings on the statutory best-interest factors, the magistrate determined by clear and convincing evidence that awarding legal custody to Paternal Grandmother was in the children's best interest. The magistrate granted Father and Mother parenting time as agreed by Paternal Grandmother. The trial court overruled Father's objections to the magistrate's decision and entered final judgment awarding legal custody to Paternal Grandmother.

## II. Analysis

{¶ 5} In his ten assignments of error, Father challenges various aspects of the legal-custody determination. We note, however, that Father has failed to file a transcript or statement of the evidence presented during the hearing before the magistrate. Consequently, we must presume regularity in the proceedings below, and Father cannot prevail on appeal insofar as his assignments of error address matters occurring during the custody hearing. *In re A.T.V.*, 2015-Ohio-4782, ¶ 10-11 (2d Dist.).

{¶ 6} We note too that Father raised three specific objections to the magistrate's decision: (1) he claimed a denial of his right to cross-examine witnesses during the custody hearing; (2) he challenged the magistrate's finding that a drug screen resulted in a positive test for several drugs; and (3) he alleged that "negative things" said during in-camera interviews were unsubstantiated. On appeal, however, Father raises none of these issues. His assignments of error address issues that he did not present to the trial court through objections. The failure to raise an issue through an objection to a magistrate's decision waives all but plain error. *In re R.S.J.*, 2021-Ohio-1332, ¶ 44 (2d Dist.).

{¶ 7} With the foregoing limitations in mind, we turn to the merits of Father's appeal.

### A. Due Process

{¶ 8} Father's first assignment of error alleges due-process violations. He asserts a lack of notice or an opportunity to challenge a drug-screen order. He also cites "a lack of transparency" and the "arbitrary nature" of unspecified decisions. Finally, he challenges

the magistrate's denial of a continuance.

{¶ 9} With regard to the drug screen, the magistrate's decision indicates that it was ordered due to Father's "highly emotional and erratic" behavior during the hearing. The record contains a journalized entry ordering the screen, and we see no basis for a due-process challenge on the record before us. Father's arguments about the magistrate's unspecified decisions and the denial of a continuance appear to involve matters that occurred during the custody hearing. Absent a transcript, we must presume regularity and reject Father's arguments. The first assignment of error is overruled.

## B. Lack of Standing

{¶ 10} In his second assignment of error, Father contends Paternal Grandmother lacked standing to seek legal custody. It is well established, however, that a nonparent may seek legal custody of a child under R.C. 2151.23(A)(2). *In re J.R.*, 2016-Ohio-5054, ¶ 7 (2d Dist.). That is what Paternal Grandmother did here. Having filed a complaint for legal custody under R.C. 2151.23(A)(2), Paternal Grandmother had standing to participate in the custody hearing and to seek legal custody of the children. The second assignment of error is overruled.

## C. Bias and Frivolous Orders by Magistrates

{¶ 11} In his third assignment of error, Father alleges magistrate bias based on the "nature and frequency of the orders issued." The only specific order he mentions, however, concerned the drug screen. The magistrate found the screen necessary based on Father's behavior during the hearing. Absent a transcript, we cannot review what occurred. On the record before us, we see nothing to support Father's claim about bias

and frivolous orders. The third assignment of error is overruled.

## D. Exclusion of Relevant Evidence

{¶ 12} In his fourth assignment of error, Father challenges the magistrate's exclusion of allegedly relevant evidence. Although the nature of the evidence is unclear, it apparently involved drug screening. In any event, Father cannot demonstrate error in the magistrate's evidentiary ruling without a transcript. The fourth assignment of error is overruled.

## E. Allowing Hearsay and Subjective Evidence

{¶ 13} In his fifth assignment of error, Father contends the magistrate erred in admitting hearsay and subjective evidence. He fails to identify any particular evidence, however, and the lack of a transcript precludes review of his argument. The fifth assignment of error is overruled.

## F. Magistrate's Failure to Recuse Herself Despite Bias

{¶ 14} In his sixth assignment of error, Father contends recusal was required because the magistrate was a former classmate and friend of Paternal Grandmother's counsel. Father cites nothing, however, to support these assertions or to establish impermissible bias even if they are true. Father also does not appear to have sought recusal prior to the hearing. Accordingly, the sixth assignment of error is overruled.

## G. Lack of Clarification of Proceedings Due to Concurrent Motion for Grandparents' Visitation Rights

{¶ 15} In his seventh assignment of error, Father alleges a due-process violation based on his alleged confusion regarding the purpose of the February 23, 2024 hearing.

Father contends it was unclear to him whether the hearing concerned only Paternal Grandmother's legal-custody complaint or whether it also included a motion for grandparent visitation.

{¶ 16} Prior to the hearing, however, the magistrate held a January 22, 2024 pretrial conference. On that date, the magistrate also scheduled a "final hearing" for February 23, 2024. Father received notice of the conference and should have clarified any confusion at that time. In addition, the record contains no evidence of any actual confusion on Father's part. Absent a transcript of the legal-custody hearing, nothing in the record indicates that he objected to proceeding with the custody hearing on the basis of confusion about its purpose. The seventh assignment of error is overruled.

### H. Violation of Right to Counsel Under R.C. 2151.23(A)(2)

{¶ 17} In his eighth assignment of error, Father contends the magistrate violated his right to have counsel appointed. Father asserts that he was informed about the right to counsel but was told counsel would not be appointed for him. Without a transcript, however, we have no way of knowing what Father was told. Regardless, Father had no right to appointed counsel. The governing statute is R.C. 2151.352, which expressly provides that an indigent parent is not entitled to appointed counsel "in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2) * * * of section 2151.23 of the Revised Code." Paternal Grandmother's complaint for legal custody was filed under R.C. 2151.23(A)(2). Therefore, Father had no right to appointed counsel. The eighth assignment of error is overruled.

### I. Magistrate's Contradictory Statements About Drug Screen

{¶ 18} In his ninth assignment of error, Father contends the magistrate provided contradictory explanations for ordering a drug screen. During the hearing, the magistrate purportedly based the order on testimony about his drug use. In post-hearing findings of fact, however, the magistrate attributed the order to his behavior during the hearing. Father reasons that this contradiction undermined the credibility of the magistrate's decision and prejudiced his ability to respond.

{¶ 19} We reject Father's argument for at least three reasons. First, he cannot demonstrate a contradiction without a hearing transcript. Second, the two explanations are not necessarily contradictory. The magistrate may have ordered a drug screen based on testimony about Father's drug use and his behavior during the hearing. Third, even if the magistrate did provide two different justifications for ordering a drug screen, the record reflects that Father failed it. Nothing about the drug screen or the magistrate's explanation for it demonstrates error in the trial court's judgment entry granting Paternal Grandmother legal custody. The ninth assignment of error is overruled.

### J. Violation of Parental Rights to Custody and Care of Children

{¶ 20} In his tenth assignment of error, Father claims the trial court's legal-custody decision violated his fundamental parental rights. He contends the trial court failed to demonstrate that he was unfit to parent or that extraordinary circumstances justified depriving him of custody.

{¶ 21} Father's argument lacks merit. The magistrate explicitly found that Father and Mother both were unsuitable parents and that awarding legal custody to Paternal Grandmother was in the children's best interest. The magistrate based these

determinations on evidence presented during the hearing and made a number of findings to support them. After conducting an independent review, the trial court overruled Father's objections, adopted the magistrate's decision, and awarded Paternal Grandmother legal custody.

{¶ 22} Insofar as Father challenges the unsuitability determination, his argument requires us to review a hearing transcript, which he did not file. Without a transcript, Father cannot demonstrate error, and we must presume regularity in the proceedings below. Accordingly, the tenth assignment of error is overruled.

### III. Conclusion

{¶ 23} The judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.